6:10-CV-1165

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024

Dear Florida Middle District Court,

My name is David Stebbins, and I have a civil case on file with you against Full Sail University in Winter Park, FL, although I do not remember the case number.

The reason that I do not remember any details, other than the names of the parties, is because it was originally transferred to you from the Western District of Arkansas, due to the belief that they lacked personal jurisdiction.

I wrote a letter and filed a motion with the Western District of Arkansas, explaining that personal jurisdiction may be exercised in the Western District of Arkansas, due to the concept of minimum contacts, and, since the tort took place over the Internet, using the Zippo Test.

As you know, the Zippo Test states that, the more economic activity that occurs over the Internet, the more likely it is that the defendants may establish minimum contacts in a foreign jurisdiction.

If you want substantial economic activity, how about this: I was signing up for an online education with Full Sail University, and they wanted to charge me $54,000 for the tuition alone, and make me purchase a $2,510 laptop computer to do my classwork on. Therefore, there was $56,510 worth of economic activity being conducted.

I filed a motion with the Western District of Arkansas, asking them to reopen my case, but, in their response, they explained that, since it had already been transferred to the Middle District of Florida, that reopening the case would require your permission.

Therefore, conclusively, I am writing to move that you transfer the case of Stebbins v. Full Sail University *back* to the Western District of Arkansas, for the reasons I described above. If Full Sail does not agree that they have established minimum contacts, they may dispute it, if they wish. In fact, I believe it was a mistake for the Western District of Arkansas to close the case in the first place, since lack of jurisdiction is an absolute defense, which means that the burden of proof lies on the defendant, not the plaintiff.

Thank you, and please respond promptly.

Sincerely,
David Stebbins

*David A. Stebbins*

FILED 2010 AUG 27 PM 12:42 US DISTRICT COURT