# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID A. STEBBINS,**

               **Plaintiff,**

**-vs-**                                           **Case No.  6:10-cv-1165-Orl-28GJK**

**FULL SAIL UNIVERSITY,**

               **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT** (Doc. No. 2) |
| **FILED:** | **August 4, 2010** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice and the Plaintiff is directed to file an amended complaint that complies with this order within twenty-one (21) days.  Failure to file an amended complaint may result in the case being dismissed.

On August 4, 2010, David A. Stebbins ("Plaintiff") filed a complaint ("Complaint") against Full Sail University ("Defendant") alleging violations of Title III of the American with Disabilities Act (the "ADA") and Section 504 of the Rehabilitation Act. Doc. No. 1.  Plaintiff suffers from Asperger Syndrome. *Id.*  Plaintiff states that Defendant failed to make reasonable modifications in its policies to accommodate Plaintiff. *Id.*  Specifically, Plaintiff states that Defendant's personnel consistently refused to speak to the Plaintiff because of his disability

which causes him to have anger outbursts. *Id.* Plaintiff seeks an injunction "to discontinue their intolerance of [his] Aspergers" and to list him as enrolled full-time in the university. *Id.* The Plaintiff requests the injunction also post-pone payment of his student loans. *Id.* Plaintiff states that he is also suing the University of Arkansas and Mid States Promotions for a "loss of reputation worth $306,000,000.00" and "[p]er the doctrine of concurrent causation" would like the Defendant to be held jointly and severally liable for those damages. *Id.*

I. **THE LAW.**

   A. **The Statute and Local Rules.**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal --
>       (i)  is frivolous or malicious;
>       (ii) fails to state a claim on which relief
>             may be granted; or
>       (iii) seeks monetary relief against a
>             defendant who is immune from
>             such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)).[2]

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

1.      **Discretion Under 28 U.S.C. § 1915.**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

## 2. Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639. A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

### a. Frivolous Factual Allegations.

Factual allegations are frivolous for the purpose of Section 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). The district court may dismiss even meritorious legal theories under Section 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*. Factual allegations in a complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a complaint under 42 U.S.C. § 1983 as frivolous pursuant to Section 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984)

(insufficient state nexus under Section 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Phillips*, 746 F.2d at 785 (*citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990).[4] If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785. Thus, in the circumstances described above, when the factual basis for the claim is clearly baseless, the court may grant dismissal under Section 1915.

---

[4] To do otherwise -- i.e., to allow for *sua sponte* dismissal of *in forma pauperis* cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129.

    b.  <u>Frivolous Legal Theories</u>.

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

  **B.**  **Federal Rule of Civil Procedure 8.**

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following: 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought, which may include relief in the alternative or difference types of relief. Fed. R. Civ. P. 8 (2010). Rule 8 requires that a pleading be simple, concise and direct. *Id.*

**II.**  **<u>ANALYSIS</u>**.

Although Plaintiff appears to state a basis for this Court's jurisdiction, the Complaint fails to comply with Rule 8, Federal Rules of Civil Procedure. However, Plaintiff will be afforded an opportunity to file an amended complaint.

Accordingly, Plaintiff shall file an amended complaint that complies with instructions set forth below within twenty-one (21) days. In the amended complaint, Plaintiff shall comply with the following directives:

1. Plaintiff shall place his full name in the style of the case on the first page and provide his full name and current address in the appropriate section at the end of the complaint;

2.  Plaintiff shall name as defendants only those persons who are responsible for the alleged constitutional, statutory, common law, or other violations asserted by Plaintiff;

3.  Plaintiff must provide the full name and current address for each defendant;

4.  Plaintiff shall specifically allege the basis upon which the Court has subject matter jurisdiction for each claim asserted;

5.  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by each Defendant;[5]

6.  Plaintiff shall set forth each claim in a separate count;

7.  Plaintiff must set forth a short plain statement of facts as to each claim and state each defendant's involvement in the violation alleged in each claim;

8.  Plaintiff must show how Plaintiff has been damaged or injured by the actions and/or omissions of the Defendant(s)); and

9.  Plaintiff shall set forth a clear statement of the relief sought for each claim.

Plaintiff shall immediately advise the Court of any change of address. He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions or otherwise request any relief therein. This notice shall contain only information pertaining to the address change and the effective date of such. Failure to inform the Court of an address change may result in the dismissal of this case, without further notice of the Court.

Because it is necessary for Plaintiff to file an amended complaint, the Motion (Doc. No. 2) is **DENIED without prejudice**. Plaintiff may file a renewed motion when he files his

---

[5] It is improper for Plaintiff to merely list constitutional rights or federal statutes.

amended complaint or pay the filing fee. Failure to file an amended complaint within the time provided may result in dismissal of this case without further warning.

      **The Clerk is directed to send a copy of this order to Plaintiff by Certified Mail.**

      **DONE and ORDERED** in Orlando, Florida on September 2, 2010.

                                                         GREGORY J. KELLY
                                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
**Unrepresented Parties by Certified Mail**