David A. Stebbins<br>
1407 N Spring Rd,<br>
APT #5<br>
Harrison, AR 72601<br>
870-204-6024

Dear Orlando US District Court,

    My name is David Stebbins, and I am writing in regards to case No. 6:10-cv-1165-Orl-28GJK.

    I am writing to re-file my motion that you re-send the case back to the Western District of Arkansas.

    You told me that, according to the local rules, I am supposed to include a concise statement of the precise relief requested, and legal authority in support of my request.

    I have already stated with precision what I am asking of you. Now, I will focus on the legal authority.

    For authority, I cite 28 U.S.C. § 1931. § 1931(b) states that, when the federal court has jurisdiction, but not based solely on diversity of citizenship, venue is established either in the district that the defendant resides, the district in which a substantial part of the acts or omissions occurred that gave rise to the action, or the district in which the defendant may otherwise be found.

    However, keep in mind that Full Sail University is wholly owned by a parent company called Full Sail, Inc. This gives me a lot of leeway. § 1931(c) states that a corporation (not necessarily an LLC, but a corporation) can be sued in any district that it establishes personal jurisdiction in.

    So, at that point, we are right back where we started: Arguing personal jurisdiction via the Zippo Test. See my previous motion for details, there.

    I have now stated with particularity the relief I seek (re-transfer this case back to the Western District of Arkansas), and the specific statute stating hat venue is proper in that district. Respectfully, please grant my motion and re-transfer the case.

Sincerely,
David Stebbins

*David A. Stebbins*

FILED 2010 NOV -2 PM 12:07 US DISTRICT COURT