RECEIVED

2010 NOV -4 PM 12: 43

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601

Dear Fayetteville Federal District Court,

My name is David Stebbins, and I am writing to file a complaint against Full Sail University.

You had previously dismissed my case against Full Sail. I requested that you send the case back to the Western District of Arkansas, but you refused.

Fortunately, in this event, the continuing violations doctrine is in play. Therefore, I don't need this case to be sent back; I can just open a new one. This is related to, but is not the same as, my original complaint, and, this time, I will not include any frivolous damages.

That being said, Full Sail's address is thus:

Full Sail University
3300 University Blvd.
Winter Park, FL 32792

I allege that the following torts have been committed against me.

First, I allege discrimination under Title III of the Americans with Disabilities Act. They have refused to provide me the reasonable accommodations and/or modifications in policies that I, as a person with Asperger Syndrome, am entitled (those accommodations being, to be patient and understanding with what I say, and to be a little more lenient on me than you would anyone else who doesn't have Aspergers regarding the rules of politeness). The reason for this is because I did not have any documentation of my Aspergers diagnosis, and they insisted that I provide them with access to my medical records before I could enroll.

This appears to be fine, at first glance, except that I had told them about my Asperger Syndrome *months* ago, and they waited until the last minute to contact me in regards to this documentation. This caused me to miss my start date, which, in turn, caused me to suffer an increase in tuition, all due to *their* laziness and refusal to ask me for the documentation *promptly*. These are my compensatory damages.

This was the last document that I needed before I was scheduled to enroll. But for this one document, I would have been enrolled and be in class, right now. Therefore, their negligence in this one instance caused me to suffer this injury.

This action was repeated (therefore, invoking the continuing violations doctrine) on Monday, September 20, 2010, when I called Full Sail and asked to schedule a mediation, only to be discriminated *again*. I attempted to schedule the mediation, but they

Wherefore, I pray that you issue an injunction to provide me the accommodations and reasonable modifications in policies that I seek, ask me for documentation as soon as it is evident that documentation is needed, rather than at the last minute, and re-admit me, on the spot, without any further paperwork. The medical documentation will *not* hinder my attempts to enroll. Instead, I want to be in class, while the administration is looking up my medical records. The accommodations and modifications in policies that I seek will be provided to me, without question, in the interim. Furthermore, I seek an injunction to give me the tuition of $54,000 that I originally signed up for.

Second, I allege a negligent infliction of emotional distress. Their administration is so crackpot that they can't do *anything* right. Being incompetent is not illegal, in and of itself, but, when it causes a person to become so frustrated and angry at the company that he is *literally* ripping his hair out, then there is a case of emotional distress. Incompetence is not a tort, but, at the same time, neither is it an affirmative defense to any tort.

Here is just one of the many examples that Full Sail's crackpot administration has caused me to become beside myself in anger. On Friday, September 17, 2010, I called Full Sail and asked to schedule a mediation. However, the education department – the department that I was told was responsible for scheduling mediations – had left for the day. I asked the receptionist if they would be

available the next day (being a Saturday, I needed to *ask* them if the education department would be in office). I was *specifically* told that, yes, they would be in office, and that their opening time was 8:30AM, Eastern Time Zone.

I called them at 7:30AM in the central time zone, and asked to speak to the Education Department. The receptionist I talked to told me that they were not in office on the weekends.

This caused me to scream in anger. The receptionist that I talked to on Friday evening *specifically* told me that the education department would be available on that day.

When I brought this to the current receptionists' attention, she refused to even talk to me until I "calmed down," despite it being *their* fault that I was so angry in the first place.

This is just one of the many examples of how their crackpot administration has given me a cause of action for negligent infliction of emotional distress.

Because the emotional distress caused me to miss my start date, and suffer an increase in tuition of $3,000, then the compensatory damages that I seek are $3,000.

I also allege false advertising. This is the action that actually occurred chronologically first, of the three torts. However, I only realized that the advertising was false a few months ago, so the statute of limitations is still in play.

In the fall of 2009, I was talking with an employee of Full Sail University by the name of Shawn Plank. I was concerned with their online degree program, as I had been in online colleges, before, and they did not work out.

Plank, however, told me that Full Sail's online program was different. After hearing his explanation (I do not remember the exact, word-for-word conversation that we had; at that point, I had never thought to make notes of details for use in court), but I soon asked him "So, whereas most online colleges function like message boards, Full Sail Online operates like a live chat room, so you still have to be online at a certain time, right?"

Plank immediately said that, yes, it is a lot like that. I relied on that, I depended on that, and, because of that, I signed up to enroll.

However, when I was finally getting ready to enroll (after all the paperwork was just about over), I found out that Plank's agreement with me regarding the nature of the classes was an outright *lie*. The classes were *still* structured as message boards! I relied on Plank's bald faced *lie* when I signed up, and, as such, they have committed the tort of false advertising against me.

I am including a separate document, stating in detail the relief I seek.

Also, I am applying to proceed in forma pauperis. If this application is granted, I move for the following:
1) Appointment of counsel, per 28 U.S.C § 1915(e)
2) Instruct the U.S. Marshal to perform service of summons, per Rule 4(c)(3) of the Federal Rules of Civil Procedure

Thank you, and please respond promptly.

Sincerely,
David Stebbins
*David A. Stebbins*

RECEIVED

2010 NOV -4 PM 12: 43

U.S. DISTRICT COURT
MIDDLE [...]

David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601

Dear U.S. District Court,

My name is David Stebbins, and this is a follow-up to the enclosed complaint. Specifically, this document is designed to specify the exact relief I seek.

The relief I seek for the discrimination and infliction of emotional distress is simple: For the emotional distress, I want $3,000 cash. For the discrimination, I want my tuition to be reduced to the $54,000 that I would have received, had the discrimination not occurred.

Also, the defendants require students to purchase a laptop in order actually participate in the class activities, and the laptop cost me $2,510 immediately prior to the discrimination. In the event that the new laptop that I must now buy costs more than that, I still only want to pay $2,510.

However, it does not end there. In order to enroll, I am supposed to submit a variety of documents. This incurred a lot of expense, not to mention a lot of headaches. Fortunately, I was finished with almost all of them. There was only one document that I had to sign, and that was the medical release in order to prove that I'm not lying about the nature of my disability in order to get special privileges.

My progress regarding submitting these documents was tracked in an online service called "Full Sail Launch," or just "Launch" for short. It was, essentially, a checklist of all documents that I needed to submit in order to enroll. A green check meant that I had submitted everything, and that no further action was required on that document. A red X meant that I had not submitted *anything* related to that document. A yield sign meant that I had submitted some, but not all, of the documents that I needed, and that further documents were required of me, and a white clock meant that I had submitted documents, but they were still being processed.

In the days leading up to my decision to file this complaint, I had green checks on every single item, except for one: Request for accommodations. That document had a white clock on it. I, in good faith, took this to mean that I had already submitted everything I needed, regarding that document, and that it was just a matter of the waiting game.

I submitted the request for accommodations months in advance, and I have the saved email in my sentbox to prove it. For months and months, it remained a white clock. It was only a few days before I was supposed to enroll that I received any notice that they wanted me to release medical records to them to prove that I was disabled, like I claimed I was.

I did not take this sitting down. I asserted my rights, but these assertions fell upon death ears. I, ultimately, missed the enrollment date, due to their refusal to even hear about their mistake, much less correct it.

I have recently discovered, however, that a variety of other documents now have red X's on them. These are documents that, previously, had green checks. I assume that this is because the enrollment is for a new academic year.

I do not accept this. As part of my injunctive relief, I want to submit the release of my medical records, and I instantly enroll in the next start date, no fuss no muss. I do not want to fill out another single document. I do not even want to provide my initials on anything else, because it was their fault that this all happened in the first place. They will be responsible for pulling my archived records, at their own expense, and crediting me with having filled out all that red tape, without me having to lift another finger. In the event that such archived records can't – as

opposed to won't – be recovered, I want to be paid ten dollars per hour for the labor I exert in filling out the additional paperwork, along with all the shipping & handling expenses that I incur. This ten dollars per hour for labor is the monetary equivalent to injunctive relief, which is available when pure injunctions are not practical or possible.

It *still* does not end there, however. Because I missed the enrollment, I have now exhausted my grace period for my FAFSA. What that means is, I was allotted six months, after I drop below half time, before I must repay my student loans. By missing the enrollment, I ended up exhausted said grace period. Now, I am suffering late fees, and my credit worthiness is sinking drastically, because I cannot make the payments, but I shouldn't *have* to be making the payments!

As part of my injunctive relief, I ask them to reimburse all the late fees that I suffered, as well as make sufficient payments on my student loans, at their own expense, to give me the credit worthiness that I should have.

That is the relief that I seek for the discrimination.

For the false advertising, keep in mind that I signed up for the online course, largely because I could not afford the in-person course. When I say "the in-person course," I mean, Full Sail University has two video game design courses: One is an online bachelor's degree, called "Video Game Design," and takes place over the course of 32 months. That is the one that I initially signed up for. However, they also have a course called Game Design and Development, but that course requires that I actually relocate to the Orlando, FL area, like a regular college does. This course can be completed in only 21 months, but cost $72,775 in the 2009-2010 academic year.

For my relief for the false advertising, I want to be allowed to attend the in-person course, but only pay $54,000 in tuition, per the relief sought for the discrimination (including the lack of further paperwork). Also, keep in mind that the online course takes place over 32 months, whereas the in-person course takes place over 21 months. This means that I will have only two academic years with which to pay for this degree using financial aid, whereas, with the online course, I would have three. If it were not for the fact that they are only doing this for me on a court order, this would require me to take out more private student loans, complete with higher interest rates, ultimately giving me a higher outstanding balance upon graduation.

As part of my relief for the tort of false advertising, I want them to adjust the interest rates on their private loans (yes, they have their own private loan, so they do not have to work with other creditors in order to provide this relief), and coordinate them so that, when factoring in the lesser interest rates of the STAFFORD loans, as well as any Pell Grants that I am reasonably likely to get, so that, after the 21 months, I am still left with the same outstanding balance that I normally would have been left with, had I been given the online education experience that I was promised.

But, it does not end there. If their online course was what they claimed it to be, I would have gotten to remain in the apartment that I am in, now. Full Sail does not have dormitories, but they have deals with various apartments. One of them, the one I would want to attend, is called the Collegiate Village Inn. However, they charge $864 per month for residency, there, unless I have a roommate. With my current living arrangement, I do not have a roommate (giving me privacy), yet I still pay only $192 per month in rent. This is because, unlike the Collegiate Village Inn, my landlord participates in the Section 8 Federal Housing Choice Voucher program, so my applicable rent is reduced to $192 per month. As part of my relief for false advertising, I want to only pay $192 per month to the Collegiate Village Inn, and Full Sail will cover the rest

(CVI is independently-owned from Full Sail; they just have a contract with each other, so Full Sail will have to actually step in and pay it off themselves, instead of the CVI being bound by the injunction as well).

However, it still does not end, there. My landlord has allowed me a good deal of leniency regarding the cleanliness of my apartment. My apartment is currently messy enough for my landlord to evict me, yet they have chosen not to. As part of my relief for false advertising, I want Full Sail to send in professional maids to clean up my studio apartment to the satisfaction of the CVI, so that they will not evict me without me having to exert any more effort.

It still does not end there. I am also in the middle of four other grueling lawsuits in this area (including one in the Western District of Missouri). If I need to leave the Orlando area in order to return to the Ozarks to continue with these cases, Full Sail will be responsible for paying for my trip.

These three reliefs are reasonable, and put me in the same economic position that I would have been in, had the online course been what Full Sail's employee claimed it was. If the online course was not different than as described, I would have been living in this apartment, paying only $192 per month in rent, being allowed to have the apartment a little messy, and being only a simple drive away from attending to my other lawsuits, and only paying $54,000 for my education, and $2,510 for my laptop.

They may choose, if they like, to consolidate all three of these reliefs by giving me the in-person course, complete with all the relief I have just stated, for $51,000, instead of $54,000. That would be satisfactory, as well.

That is the relief I seek for these torts.

Sincerely,
David Stebbins

_____ ,
*Defendant*

RECEIVED 2010 NOV -4 PM 12: 43 U.S. DISTRICT COURT

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____.
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:
I am not employed.

My gross pay or wages are: $ _____0.00_____, and my take-home pay or wages are: $ _____0.00__ per

*(specify pay period)* _____n/a_____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment ☐ Yes ☒ No
(b) Rent payments, interest, or dividends ☐ Yes ☒ No
(c) Pension, annuity, or life insurance payments ☐ Yes ☒ No
(d) Disability, or worker's compensation payments ☒ Yes ☐ No
(e) Gifts, or inheritances ☐ Yes ☒ No
(f) Any other sources ☐ Yes ☒ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*
I receive $674 in Supplemental Security Income. I also receive Section 8 federal housing assistance that reduces my rent to $192 per month.

AO 240 (Rev. 06/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account: $ _____ 35.79 .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:
I only have one car, and it is worth less than $1,000 in its current condition. Progressive Auto Insurance gave an estimate of $1,750, but that is in mint condition.

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:
Housing: $192
Auto Insurance: $125
Gasoline: $40
Phone: $25

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:
No one besides myself.

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:
Stafford & perkins' loans (combined): $39,000
Wal Mart Credit Card: $900

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: __10/30/2010__      *David A. Stebbins*
                          *Applicant's signature*

                          David A. Stebbins
                          *Printed name*